IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 3:23-CV-764-KDB-DCK

| RAUPUNZEL PADGETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| COMPASS GROUP USA, | ) | |
| SSC SERVICES FOR EDUCATION, | ) | |
| JENNIFER HILL, and | ) | |
| SHANNON THORNTON | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Jennifer Hill and Shannon Thornton's Motion to Dismiss Plaintiff's Complaint" (Document No. 9). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be **GRANTED**.

## I. BACKGROUND

Plaintiff Raupunzel Padgett ("Plaintiff), appearing *pro se*, initiated this action with the filing of a "Complaint For Employment Discrimination" (Document No. 1) ("the Complaint") on November 13, 2023 against Defendants Compass Group USA, SSC Services for Education ("SSC"), Jennifer Hill, and Shannon Thornton (collectively, "Defendants"). The Complaint asserts one claim against Defendants for both failure to hire and also for unequal terms and conditions of employment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Id. at pp. 3-4. Plaintiff is requesting that the Court grant her $3,850,000 in damages based on the "cruel and intentional behavior" towards her and on the "preponderance amount of distress" that

resulted from the actions of Defendants. Id. at pp. 8-9. Specifically, Plaintiff requests: (1) $350,000 worth of forward pay; (2) $500,000 in compensatory damages; and (3) $3,000,000 in punitive damages. Id.

Plaintiff's claim of employment discrimination arises from the denial of her application for employment at SSC, a subsidiary of Compass Group USA. See (Document No. 1-1). Plaintiff states in her Complaint that on or around September 20, 2023, she applied for the Custodial Unit Director position at SSC's Winston-Salem, North Carolina office. (Document No. 1, p. 8). On September 22, 2023, Plaintiff received an email from Compass Group Talent Acquisition, informing her that they would not be moving forward with her application for the position. (Document No. 1-1, p. 21). At the time, Defendant Jennifer Hill was the recruiter for the Custodial Unit Director position. (Document No. 1, p. 8). In the Complaint, Plaintiff contends that Hill reposted the job opening and continued seeking applicants after rejecting Plaintiff's application, despite Plaintiff's previous satisfactory experience with the company and in that same role. Id. According to the attachments to Plaintiff's Complaint, the position was posted on September 7, 2023, and then reposted on the following dates: September 27, 2023; October 5, 2023; and November 2, 2023. (Document No. 1-1, pp. 20, 23, 25, and 27). While the attachments to Plaintiff's Complaint do not include additional applications, it appears that she reapplied for the position two more times, given that she received two additional emails on September 28, 2023, and October 6, 2023, notifying her that her applications had been rejected. Id. at pp. 24, 26.

Prior to applying for the position in Winston-Salem, Plaintiff had been employed in several roles at SSC. See (Document No. 1-1, pp. 5-19). Plaintiff began working at SSC on or around June 2020. (Document No. 10-1, p. 2). According to the attachments to Plaintiff's Complaint, she started working with SSC as a supervisor in the facilities unit at the Westfield-Washington, Indiana

location, and was thereafter promoted to Assistant Unit Director within the facilities unit on June 21, 2020. Id. at p. 6. On July 13, 2021, Plaintiff was promoted again to Unit Director at the Roanoke, Virginia office. Id. at p. 10. Plaintiff relocated to SSC's Charlotte location after receiving an offer for employment on December 9, 2022, as a Unit Director in the facilities unit. Id. at p. 14.

On or around September 29, 2023, Plaintiff contacted Defendant Shannon Thornton, Vice President of Human Resources, about the rejection of her application. (Document No. 1, p. 8). Thornton notified Plaintiff that she had been rejected because she did not meet the insurance requirements to drive a company vehicle. Id. Thornton responded to Plaintiff's inquiry with the following email:

> You should have received a preadverse action letter along with your results from Checkr when the MVR was ran. Below is our criteria from our insurance company to be eligible to drive a company vehicle. If you feel that you have met the eligibility requirement and were mistakenly rejected you can call the HRSC… and ask them to receive the documentation.

(Document No. 1-1, p. 28). The list of insurance requirements was also attached to the email. Id. However, Plaintiff contends in the Complaint that she had not completed a background screening for the position at the time she was rejected. (Document No. 1, p. 8).

Thereafter, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 2, 2023. Id. at p. 5. In the "Charge of Discrimination," Plaintiff named "Compass group usa" as the employer she believed had discriminated against her. (Document No 10-1, p. 2). Additionally, Plaintiff alleged that she had been subjected to discrimination during and after her employment with SSC based on sex, race, and color. Id. at pp. 2-3. Specifically, Plaintiff alleged the following in her charge:

> On or around January 4th, 2022, I was wrongfully terminated while working as a Unit Director for Custodial. I performed all my duties

3

> at a satisfactory level, received positive performance reviews, and was promoted several times. On or around September 2nd, 2023, and September 28th, 2023, I applied for an open job posting with the respondent as a Unit Director for Custodial. I met the standard qualifications and experience requirements for the position but was rejected without further consideration. Despite my experience in the position, the respondent kept the job posting open and continued to seek out other applicants.

Id. at 2. On October 10, 2023, the EEOC, in its "Determination and Notice of Rights," determined that it would not proceed with its investigation of Plaintiff's claim and notified her of her right to bring a lawsuit in state or federal court. (Document No. 1-1, p. 1). The EEOC stated that its decision "did not mean the claims have no merit" and that it "makes no finding as to the merits of any other issues that might be construed as having been raised by this charge." Id.

Subsequently, Plaintiff filed the instant case in this Court under Title VII. (Document No. 1). Plaintiff claims in the Complaint that the "defendants are using their authority" to dictate who is hired for management positions," and that the Defendants "used unequal terms and conditions to keep [Plaintiff] from being hired" as a result of her race, color, and sex. Id. Plaintiff further argues that she was not rejected based on merit given her previous successful experience with the company. Id. at pp. 8-9. Rather, Plaintiff alleges that her application was denied, and that the insurance requirements were unequally applied against her, because Defendants Hill and Thornton knew she was an "African-American, Black Female." Id. at p. 8.

Defendants Hill and Thornton filed "Defendants Jennifer Hill and Shannon Thornton's Motion To Dismiss Plaintiff's Complaint" (Document No. 9) on January 12, 2024, along with a "Memorandum In Support Of Defendants Jennifer Hill And Shannon Thornton's Motion to Dismiss Plaintiff's Complaint" (Document No. 10). By the pending motion, Defendants Hill and Thornton seek dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Document No. 9, p. 1). Plaintiff filed "Plaintiff's

4

Response To The Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 16) on February 15, 2024. Defendants Hill and Thornton filed "Defendants Jennifer Hill and Shannon Thornton's Notice Of Intent Not To File Reply Brief" (Document No. 17) on February 20, 2024. The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

5

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Where a complaint is filed by a *pro se* Plaintiff, courts have determined that the complaint should be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Indeed, "the Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity." Morrison v. Res. Mgmt. Concepts, Inc., 3:16-CV-651-GCM, 2017 WL 1095067, at *2 (W.D.N.C. Mar. 21, 2017) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). However, this does not mean that district courts should "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151. When a complaint clearly fails to express sufficient facts to support the alleged claim under federal law, courts are not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). "Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" Morrison, 2017 WL 1095067 at *2 (quoting Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

## III.  DISCUSSION

Defendants Hill and Thornton's motion to dismiss asks the Court to dismiss Plaintiff's Complaint against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under which relief can be granted.  (Document No. 9, p. 1).  Hill and Thornton argue that the claims against them should be dismissed because: (1) Title VII does not provide for individual liability, and (2) Plaintiff failed to exhaust her administrative remedies against Hill and Thornton by not naming them in her filing with the EEOC.  (Document No. 10, p. 1-2).

First, Hill and Thornton state that "[t]he Fourth Circuit has long held that Title VII does not attach to individuals;" indeed, Title VII did not "contemplate individual liability as an available remedy."  Id. at p. 3-4 (citing Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998)).  Hill and Thornton further argue that, as individuals, they are not considered "employers" as defined by Title VII.  Id. at p. 4.  Therefore, Hill and Thornton contend that they are not subject to liability under Title VII.  Id.

Hill and Thornton also argue that, if Plaintiff's claim should not be dismissed under this first argument, the claim should nonetheless be dismissed "because she failed to exhaust her administrative remedies with respect to Ms. Hill and Ms. Thornton."  Id.  Hill and Thornton contend that a Plaintiff must file an administrative charge of discrimination with the EEOC before filing a Title VII claim.  Id. at p. 5 (citing 42 § 2000e-5(e)(1)).  However, Hill and Thornton state that the Fourth Circuit allows civil actions under Title VII to be brought only against the respondents(s) specifically named in the charge filed with the EEOC.  Id. (citing Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998)).  They further contend that courts in this District have dismissed similar claims against parties not named in the charge filed with the EEOC.  Id. (citing McDaniel v. Greyhound Lines, Inc., 3:08-CV-130, 2008 WL 2704774, at *2 (W.D.N.C. July 7, 2008)).

Therefore, Hill and Thornton argue that since it is undisputed that they were not named as parties in the charge filed with the EEOC, nor referenced in the body of the charge, the claims against them should be dismissed with prejudice. Id.

Plaintiff briefly responds to Defendants Hill and Thornton's arguments with the following:

(1) The Defendants acted on behalf of Compass Group USA during the hiring process and the HR Support, and therefore, should be a continuous part of this matter.

(2) Both the Defendants' names were given during the investigation process with the Equal Employment Opportunity Commission (EEOC).

(3) The Defendants are attempting to prevent important documents and evidence from being resurfaced during Discovery.

(Document No. 16, p. 1).

Pursuant to Title VII, an "employer" may not engage in unlawful employment practices, including failure or refusal to "hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color… [and] sex. 42. U.S.C. § 2000e-2(a)(1). Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees… and any agent of such person." 42 U.S.C. § 2000e(b).

As Defendants Hill and Thornton note, the Fourth Circuit has previously rejected claims of individual liability under Title VII, unless the individual qualifies as an "employer" under Title VII's definition. See Lissau, 159 F.3d at 180-81. In Lissau, the court concluded that supervisors are not liable in their individual capacities for Title VII violations. 159 F.3d at 180. As part of its conclusion, the court found that the inclusion of "agent" in the definition of "employer" "simply represented an unremarkable expression of respondent superior-that discriminatory personnel actions taken by an employer's agent may create liability for the employer." Id. at 180 (quoting

8

Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994)).  The statutory language of Title VII and its remedial scheme support the notion that Congress intended to limit liability to "employers" Id. at 181.  The Fourth Circuit's conclusion is consistent with many circuit courts, which have rejected extending liability to individual supervisors based on the language of Title VII and its remedial scheme.  Id. (citing Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 588 (9th Cir. 1993);  Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir.1994); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir.1994); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir.1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C.Cir.1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995);  Williams v. Banning, 72 F.3d 552, 554 (7th Cir.1995); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir.1996);  Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir.1996);  Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997)).

Not only have other circuit courts rejected individual liability under Title VII, but the principle that Title VII doe not provide a remedy against individuals has also been consistently reaffirmed by courts in this district.  See  Ponder v. City of Asheville, 1:20-CV-330-MR, 2022 WL 680214, at *6 (March 7, 2022) (granting Defendant's motion for summary judgment for claims of sex discrimination against the Fire Chief of the Asheville Fire Department because Title VII does provide for liability against supervisors in their individual capacity); Otis v. City of Mount Holly, 3:20-CV-685-GCM, 2022 WL 1548098, at *4 (W.D.N.C. May 16, 2022) (concluding that Plaintiff's claims of race and sex discrimination against the City Manager, Assistant City Manager, and Chief of Police in their individual capacities, was not proper under Title VII.);  and Rojea v. Cregger, 3:19-CV-619-RJC-DCK, 2021 WL 1899878, at 5* (W.D.N.C. Feb. 24, 2021) (dismissing Title VII claims of employment discrimination on the basis of sex, national origin, and age, against two individual defendants in their capacities as Technical Manager and Application Developer).

Therefore, the undersigned concludes that Title VII liability does not apply to Defendants Hill and Thornton in their individual capacities as Recruiter and Vice President of Human Resources, respectively. Plaintiff does not allege sufficient facts to support a claim that Defendants Hill and Thornton should remain a "continuous part of this matter" or that acting on behalf of Compass Groups USA during the hiring process would extend Title VII liability to them as individuals. See (Document No. 16, p. 1). "To permit individual liability [here] would improperly expand the remedial scheme crafted by Congress." Lissau, 159 F.3d at 180. Thus, the undersigned respectfully recommends that Plaintiff's claims against Defendants Hill and Thornton be dismissed with prejudice.[1]

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants Jennifer Hill and Shannon Thornton's Motion to Dismiss Plaintiff's Complaint" (Document No. 9) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v.

---

[1] The undersigned finds Defendants Hill and Thornton's individual liability argument sufficient to warrant a dismissal of Plaintiff's claims against them. Therefore, the undersigned will not evaluate the merits of their second argument related to Plaintiff's exhaustion of her administrative remedies under Title VII.

Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: June 20, 2024

David C. Keesler
United States Magistrate Judge